UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDDIE LOUIS SMITH, III,

    Plaintiff,

v.

BELINDA D. STEWART, *et al.*,

    Defendants.

CASE NO. 3:19-cv-5096-BHS-JRC

ORDER DIRECTING DEFENDANTS TO PROVIDE ADDRESS UNDER SEAL AND DENYING DEFAULT MOTION

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. *See* Dkt. 2. Plaintiff is proceeding *pro se* and *in forma pauperis*. *See* Dkt. 4.

On March 4, 2019, the undersigned ordered service of the second amended complaint on the named defendants, including defendant Joby Taylor, by email. Dkt. 6. Defendant Taylor failed to return a waiver of service by the April 11, 2019 deadline. *See* Dkt. The undersigned then ordered defendant Taylor to show cause why he or she should not be personally served at his or her own expense. *See* Dkt. 35. Defendant Taylor has failed to respond to the show cause order, despite that the time in which to do so has expired, and no attorney has appeared in this

matter to represent defendant Taylor. *See* Dkt. Plaintiff has requested that the Court enter defendant Taylor's default. *See* Dkt. 44.

At this stage, it appears that defendant Taylor has not yet been properly served, so that this Court lacks jurisdiction over defendant Taylor and cannot enter his or her default. *See Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). Moreover, although this Court may order personal service on defendant Taylor by a United States marshal (*see* Fed. R. Civ. P. 4(c)(2)), this Court will not attempt personal service unless mail service is unavailing. *See* Local Civil Rule 4(c).

Therefore, plaintiff's "motion for default" (Dkt. 44) is **DENIED WITHOUT PREJUDICE**. If the named defendants are in possession of the last known business or residential address of defendant Joby Taylor, defendants are ordered to submit such address(es) to the Court **under seal on or before May 31, 2019** so that the Clerk may attempt to effect service by mail. This solution alleviates two concerns involving prisoner litigation: (1) the security risks inherent in providing prisoners with addresses of people formerly employed by the state, and (2) the reality of prisoners getting the "runaround" when they are attempting to access information through the government. *See Sellers v. United States*, 902 F.2d 598, 602–603 (7th Cir. 1990). Defendant Taylor may also satisfy this order by filing a waiver and by having counsel enter a notice of appearance on his or her behalf. All service documents with said address(es) shall also be filed under seal.

Dated this 14th day of May, 2019.

J. Richard Creatura
United States Magistrate Judge