UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDDIE LOUIS SMITH, III,

Plaintiff,

v.

BELINDA D. STEWART, *et al.*,

Defendants.

CASE NO. 3:19-cv-05096-BHS-JRC

ORDER DENYING MOTION TO DIRECT SERVICE AND ORDERING PLAINTIFF TO SHOW CAUSE

This matter is before the Court on plaintiff's motion to direct personal service on defendant Joby Taylor. Dkt. 62, at 1.

The Court granted plaintiff's motion to proceed *in forma pauperis* in this matter and directed service of the complaint by e-mail on the named defendants, including defendant Taylor. *See* Dkt. 6. However, defendant Taylor did not return a waiver of service of the summons, so that the Court ordered Taylor to show cause why he or she should not be personally served at his or her own expense. *See* Dkt. 35. Defendant Taylor again failed to respond, so the Court ordered defendants to provide a last known address for Taylor under seal. *See* Dkt. 45.

The Court then directed service by mail on the address provided by defendants. *See* Dkt. 48. When service by mail upon the last known address for Taylor was unavailing, the Court ordered personal service by the U.S. Marshal. *See* Dkt. 55. Despite these efforts, service was unsuccessful, and the docket reflects that Taylor did not reside at the last known address, having "reportedly joined the Army & [is] stationed in [Georgia]." Dkt. 56, at 1.

Thus, despite reasonable efforts, the Court has been unable to effectuate service upon defendant Taylor. Although plaintiff is *pro se* and *in forma pauperis*, it remains plaintiff's burden to provide sufficient information that the Court can effectuate service. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) ("So long as the prisoner has furnished the information necessary to identify the defendant," the marshals' failure to serve is good cause to excuse failure to timely serve the complaint), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). The Court will not undertake to investigate the address of defendant Taylor for plaintiff. *See Martin v. Serrell*, No. 4:03-CV-3130, 2006 WL 488718, at *1 (D. Neb. Feb. 27, 2006) ("[T]he court cannot become an advocate for, or agent of, either side of a case, and a result, tracing defendants who have left their former governmental employment must be left to the devices of a plaintiff[.]").

Therefore, the Court orders plaintiff to provide an updated address for defendant Taylor on or before January 31, 2020. If plaintiff is unable to do so, the Court will recommend dismissal of the claims against defendant Taylor without prejudice. *See* Fed. R. Civ. P. 4(m). Plaintiff's motion to direct service (Dkt. 62) is denied.

Dated this 30th day of December, 2019.

J. Richard Creatura
United States Magistrate Judge