UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDDIE LOUIS SMITH III,<br><br>    Plaintiff,<br><br>v.<br><br>BELINDA D. STEWART, et al.,<br><br>    Defendants. | CASE NO. C19-5096 BHS-JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 71, and Plaintiff Eddie Louis Smith III's ("Smith") objections to the R&R, Dkt. 72.

On December 3, 2019, Judge Creatura issued the R&R recommending that the Court deny Smith's motion for a temporary restraining order and preliminary injunction. Dkt. 71. On December 16, 2019, Smith filed objections. Dkt. 72.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Smith objects to the R&R on the elements of likelihood of success on the merits and irreparable harm. First, Smith contends that the R&R erroneously concluded that he was not likely to succeed on the merits of his Eighth Amendment claim and did not address his Establishment Clause claim. Dkt. 72 at 2–5. Regarding the Eighth Amendment claim, Smith argues that it is cruel and unusual punishment to force him to eat a similar meal for Passover when one of the initial Passover meals made him ill. Defendants counter that Smith claimed that only a portion of the meal made him ill and he voluntarily refused to eat the remainder of the food on every subsequent meal. For example, Smith alleged that the meat portion made him ill and refused to eat the fresh fruit and vegetables, hard-boiled eggs, etc. The Court agrees with Smith that numerous questions of fact remain on this issue and also agrees with the R&R that Smith has failed to meet his burden to establish a likelihood of success on the merits. While it is possible that Smith could establish a constitutional violation based on being served the same entire meal only a portion of which allegedly made him ill, he has failed to provide sufficient authority or facts to establish that he is likely to succeed on this claim. Thus, the Court adopts the R&R on this issue.

Regarding his Establishment Clause claim, the Court agrees with Smith that the R&R does not directly address this claim. Although Smith has established a greater likelihood of success on this claim because Defendants have failed to offer, at this point, any rational reason to allow those observing Ramadan to opt out of the meal plan during the period of Ramadan while refusing to allow those observing Passover to opt out of the Passover meal program during the period of Passover, the Court agrees with the R&R

that Smith has failed to establish irreparable harm in the absence of equitable relief. Smith is at a new facility for Passover 2020 and there is a greater likelihood that the meals will not make him ill than there is that he will become ill. Moreover, Defendants could change their policy between now and the beginning of Passover. If, however, the situation arises wherein Smith does become ill from a Passover meal and the institution continues to serve him the same food, Smith may seek Court intervention to resolve the issue on an expedited basis. At this point, approximately six weeks before Passover, the Court adopts the R&R on the issue of failure to show a likelihood of irreparable harm in the absence of relief.

Therefore, the Court having considered the R&R, Smith's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) Smith's motion for temporary restraining order and preliminary injunction is **DENIED**;

Dated this 24th day of February, 2020.

BENJAMIN H. SETTLE
United States District Judge